# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Candius Antonela Burgess | **Case No :** | 14–20504 – A – 13J |
| | | **Date :** | 3/24/14 |
| | | **Time :** | 01:30 |
| **Matter :** | [16] – Objection to Confirmation of Plan by Creditor Cadlerock Joint Venture II, L.P. [RAS–1] Filed by Creditor Cadlerock Joint Venture II, L.P. (lbef) | | UNOPPOSED |
| **Judge :** | Michael S. McManus | | |
| **Courtroom Deputy :** | Sarah Head | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
(by phone)    Debtor(s) Attorney – Mikalah R. Liviakis
               Karin Bruce (for the Trustee)

OBJECTION was :
Overruled
See final ruling below.

The court will issue a minute order.

Final Ruling: The objection will be overruled.

The objecting creditor's claim is based on a student loan and it has been reduced to judgment. The court entering the judgment declared it nondischargeable under 11 U.S.C. § 523(a)(8). Nonetheless, in this case, this claim is a nonpriority, unsecured claim. It is entitled no less than what such creditors would receive in a chapter 7 liquidate in addition to a pro rata share of the debtor's projected disposable income over the next five years. See 11 U.S.C. § 1325(a)(4), (b).

The plan proposed by the debtor will pay nonpriority, unsecured creditors nothing. The evidence establishes that these creditors would receive nothing in a chapter 7 liquidation. The plan complies with section 1325(a)(4).

Whether or not the debtor will have projected disposable income is calculated, at least in the first instance, on Form 22. Here, it shows that the debtor has no projected disposable income. Therefore, because there is no evidence that the court should depart from Form 22 because the debtor's financial circumstances have changed materially, the plan also satisfies section 1325(b). The objection assumes surplus monthly net income on Schedules I and J represents projected disposable income. It is not.

To the extent the objecting creditor objects on the ground that the plan proposes to discharge its nondischargeable claim, the objection will be overruled for the simple reason there is nothing in the plan providing for a discharge of the claim in the face of section 523(a)(8) and 11 U.S.C. § 1328(a)(2).

To the extent that the creditor complains that the plan does not provide for interest at the rate of 10% on its claim, the objection will be overruled. The plan provides for nothing on account of the claim. It is impossible to pay 10% on account of nothing. To the extent the creditor seeks to accrue interest on a nondischargeable claim, the creditor may taken some comfort in applicable case law providing that

post–petition interest on a nondischargeable student loan is also nondischargeable. See Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee), 218 B.R. 916, 925 (B.A.P. 9th Cir.1998), affirmed, 193 F.3d 1083 (9th Cir. 1999). See also Bruning v. United States, 376 U.S. 358 (1964); Ward v. Board of Equalization of Cal. (In re Artisan Woodworkers), 204 F.3d 888 (9th Cir. 2000).

To the extent the creditor is demanding payment of that interest in this case, its demand is rejected. It may accrue but 11 U.S.C. § 1322(b)(2) does not permit its payment unless all allowed claims will be paid in full. As noted above, the plan does not propose to pay unsecured claims in full.

To the extent the creditor is complaining that proposing a plan that does not pay its claim, in whole or in part, is bad faith in violation of 11 U.S.C. § 1325(a)(3), the objection will be overruled. This objection appears to have two prongs.

First, Schedule J shows that the debtor has monthly net income of $635 and it is being contributed to the plan. At any rate, as noted above, what a debtor is required to pay unsecured creditors is dictated by section 1325(a)(4) and section 1325(b). This plan complies with both.

Second, the creditor complains that the debtor is providing for payment of claims secured by two luxury automobiles through the plan and it is these claims that are consuming the debtor's monthly net income.

To the extent the creditor objects that this plan is proposed in bad faith because the debtor is paying nothing to unsecured creditors while paying claims secured by "luxury" autos, the objection will be overruled. See 11 U.S.C. § 1325(a)(3). The calculation of "disposable income" under the BAPCPA requires debtors to subtract their payments to secured creditors from their current monthly income. Given the very detailed means test that Congress adopted in BAPCPA, the bankruptcy court cannot limit the permitted deductions under "the guise of interpreting good faith.'" See In re Welsh, 711 F.3d 1120, 1135 (9th Cir. 2013).

And, the plan proposes to surrender one of the vehicles. The debtor is retaining one, which was purchased used, and the debtor is using the chapter 13 to reduce the interest rate payable on the claim. Because the car was purchased less than 910 days prior to the filing of the case, the debtor cannot "strip down" the claim to the value of the car.

Finally, the objection to the plan's duration will be overruled. The debtor is not proposing to cure the objecting creditor's claim over an unreasonable period of time. It is not paying it at all. It makes no sense to claim about the length of a cure when there is no cure. The creditor's actual complaint is that the plan does not pay its claim and as stated above this does not violate the requirements of chapter 13. Also, because the debtor is an over–median–income debtor, she must propose a five year plan. See Danielson v. Flores (In re Flores), 2013 WL 4566428 (Aug. 29, 2013).